GIRLS' FRIENDLY SOCIETY *vs.* CHARLES STAFFORD, Town Treasurer.

MAY 16, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This suit is brought by the plaintiff corporation to recover back from the treasurer of the town of North Kingstown the amount paid by the plaintiff as a tax on its real estate located in said town. A jury trial having been waived the case was heard by a justice of the Superior Court sitting without a jury. There was no dispute as to

the facts. The plaintiff contended and now contends that its said real estate was, at the time the tax·was assessed, exempt from taxation by virtue of the provisions of Section 38, Chapter 769 P. L. 1912, hereinafter quoted, which exempt from taxation the following classes of property: "the buildings and personal estate owned by any corporation used for a school, academy or seminary of learning, and of any incorporated public charitable institution, and the land upon which said buildings stand and immediately surrounding the same to an extent not exceeding one acre, so far as the same is used exclusively for educational purposes," and also the real and personal property held "for the aid or support of poor friendless children, or for the aid or support of the poor generally." The decision of said justice sustained the plaintiff's contention and the case is before us on the defendant's exception to said decision.

From the agreed statement of facts it appears that the real estate in question is used by the plaintiff for a vacation home for girls during a portion of the summer months; that "the parent organization of the Girls' Friendly Society is a branch of the Protestant Episcopal Church; that it is open to any girl over twelve years of age, regardless of her condition in life or creed; that the property in North Kingstown is held in trust for the Girls' Friendly Society; that it is supported partially by .moderate amounts received for board, and largely by contributions from benevolent persons whom the Society is obliged to resort to every year to meet expenses; that there is no profit accruing from the use of this vacation home, and that if in any year there should be a surplus over it must according to the regulations and by-laws of the Society be devoted to other charitable purposes; that any girl who applies may be admitted to the summer home" and that a charge of $7.00 per week is made to girls who are members of the Society and a charge of $9.00 to those who are not members. The home will accommodate but forty girls at any one time and no girl is permitted to remain longer than two weeks.

The property in question is not held "for the aid or support of poor friendless children, or for the aid or support of the poor generally." While the meaning of the remaining language relied·upon in said section may not be absolutely free from doubt it would appear that, unless the property is used exclusively for educational purposes, it was not the intention of the legislature, in adopting the language above quoted from said Section 38, to exempt from taxation either the personal estate, buildings or "the land upon which said buildings stand and immediately surrounding the same," to the extent of one acre, "of any incorporated public charitable institution." It is clear that there was no intention to exempt the land unless it is used for educational purposes. The clause "and of any incorporated public charitable institution" is preceded and followed by language used for the sole purpose of exempting from taxation property used for educational purposes. From the context and also the punctuation we think it appears that the legislature did not by the use of said clause intend to exempt from taxation any property, either personal estate, buildings or land, of "any incorporated public charitable institution" unless said property is used exclusively for educational purposes. The plaintiff contends that it is a charitable institution and uses the property in question for charitable purposes but it is not even suggested that said property is used for educational purposes as required by the statute to entitle the same to exemption from taxation.

The defendant's exception is sustained. The plaintiff may, if it shall see fit, appear on May 20, 1924, at nine o'clock, a. m., Standard time, and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*William W. Blodgett*, for plaintiff.
*Charles A. Walsh*, for defendant.